# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

United States of America,

              Plaintiff,       Case No. 18-cr-20462-2

v.                            Judith E. Levy
                                 United States District Judge

Annina Banks,

                            Mag. Judge Anthony P. Patti

              Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [73] AND DIRECTING THE CLERK'S OFFICE TO SEAL DEFENDANT'S FILINGS THAT <u>CONTAIN MEDICAL RECORDS [75, 84]</u>

Before the Court is Defendant Annina Banks' *pro se* motion for compassionate release from the Federal Medical Center (FMC) in Lexington, Kentucky, due to the ongoing COVID-19 pandemic. (ECF No. 73.) For the following reasons, Banks' motion is DENIED, and the Clerk's Office is directed to seal Banks' filings that contain medical records. (ECF Nos. 75, 84.)

## Background

On November 13, 2018, Banks pled guilty to one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). (*See* ECF No. 45.) On March 14, 2019, the Court sentenced Banks to twenty-four months' imprisonment, "to run consecutive to any sentence received on Docket No. 18-20151."[1] (ECF No. 48, PageID.148–149.)

On January 12, 2022, Banks moved for compassionate release and/or reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[2] (ECF No. 73.) Banks states that "[t]he Covid 19 Pandemic is an Extraordinary and Compelling reason to Consider a [sentence] Reduction." (*Id.* at PageID.198.) She also states that a

---

[1] In Docket No. 18-20151-16, Judge Matthew F. Leitman sentenced Banks to eighteen months' imprisonment on March 20, 2019. (ECF No. 333, PageID.1203–1204.) In that case, Banks pled guilty to one count of wire fraud conspiracy, in violation of 18 U.S.C. §§ 1343 and 1349. (*See id.* at PageID.1203; ECF No. 211.)

[2] Banks indicates in her compassionate-release motion that she "attempted to Request Compassionate Release from the Warden on: 12/19/21 and Never got a responds [sic] to my Request." (ECF No. 73, PageID.194; *see id.* at PageID.195 (a copy of Banks' December 19, 2021 email to "Warden Paul" in which she states that she is "writing to [him] about compassion [sic] release/reduction in sentence").) Therefore, it appears that Banks has satisfied the exhaustion requirement. *See United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020) ("[A]n imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's [Bureau of Prisons'] administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier.").

2

COVID-19 outbreak at the facility where she is incarcerated "is Extraordinary and Compelling Circumstances that Justifies a modification of Custodial Release." (*Id.* at PageID.194; *see id.* at PageID.199.) In discussing the "Latest Covid Flare up" at FMC Lexington "on 27th of December," Banks states that "Inmates went to Medical complaining of Covid like symptoms All Including defendant Ms. Banks were Positive with Covid Delta or Omicron Variant." (*Id.* at PageID.196.)

Banks indicates that she "Suffers COPD – Severe Asthoratic Lupus, High blood pressure, Rheunatoid [sic] Arthtis [sic] and other underline [sic] medical problem [sic], including obesity And Auto immune disease." (*Id.* at PageID.194; *see id.* at PageID.199.) Banks indicates that "[t]he Facility is providing [her with] Medication." (*Id.* at PageID.194.) She states that she is "more likely to die or Suffer Severe problem From the Coro[n]avirus due to her Medical problems And Also being Black American are at risk." (*Id.* at PageID.199.) She states that she "cannot get the Covid Vaccine Due to her allergic reaction to the flu shot as well as having auto Immune disease." (*Id.* at PageID.194.)

3

On February 8, 2022, the Court directed Banks to supplement her compassionate-release motion with information (i.e., answers to questions and documentation) regarding her allergy to the flu shot and her auto-immune disease, which she states make her medically unable to receive the COVID-19 vaccine.[3] (ECF No. 74.) Following the entry of its February 8, 2022 Order, the Court received three documents from Banks in the mail that were filed on the docket.[4] (ECF Nos. 75, 84, 92.)

The first document the Court received from Banks is dated February 23, 2022. (ECF No. 75.) This filing consists of (1) Banks'

---

[3] The Court noted in its February 8, 2022 Order that Banks

filed what appears to be an identical compassionate[-]release motion in a different criminal case that is before Judge Matthew F. Leitman: *United States of America v. Annina Banks*, Case No. 18-cr-20151-16. (*See* ECF No. 493.) In that case, Judge Leitman issued an order directing Banks to supplement her motion for compassionate release. (*See* ECF No. 494.)

(ECF No. 74, PageID.207–208.) The Court's February 8, 2022 Order adopted the "reasoning, requirements, and deadline" that appear in Judge Leitman's order. (*See id.* at PageID.208.) The Court instructed Banks to "file a written supplement with this Court [by March 7, 2022] that answers each of the questions presented in Judge Leitman's order." (*Id.*)

[4] The Court received a fourth document from Banks on June 30, 2022. This document is a letter that is dated June 27, 2022. The letter was not filed on the docket for privacy reasons because it contains information about a medical condition that is not referenced in Banks' compassionate-release motion. The Court has reviewed this letter.

request for an extension of time to supplement her compassionate-release motion[5] (*see id.* at PageID.212–213), (2) Banks' responses to some of the questions the Court's February 8, 2022 Order directed her to answer (*see id.* at PageID.215), and (3) copies of Banks' medical records from FMC Lexington. (*See id.* at PageID.217–223.)

In the portion of Banks' filing that contains responses to some of the questions the Court instructed her to answer, Banks indicates that Paul Musson is a medical professional who diagnosed her as allergic to the flu shot "but not the exact component in the flu shot." (*Id.* at PageID.214–215.) Banks did not answer a question asking that she provide the date of her diagnosis. (*See id.*) In response to a question asking what symptoms she experienced as a result of her allergic reaction to the flu shot, Banks wrote: "Difficulty breathing (hospitalized)." (*Id.*) Banks responded "yes" to the following question: "Has a medical professional advised you to not get the COVID-19

_____

[5] Banks' written supplement was originally due on March 7, 2022. (*See* ECF No. 74, PageID.208.) On March 17, 2022, the Court granted Banks' motion for an extension of time to supplement her compassionate-release motion. (*See* ECF No. 82.) The Court gave Banks a forty-five-day extension, or until May 2, 2022, to supplement her motion. (*See id.* at PageID.262.) The Court considers Banks' June 2022 letter, *see supra* note 4, even though it was not submitted within this time frame in light of Banks' *pro se* status.

vaccine due to an allergy to the flu shot?" (*Id.*) However, Banks did not address certain follow-up questions that ask her to provide: "i. The name and specialty of the medical professional who advised you[;] ii. The date on which you were advised not to get the COVID-19 vaccine[; and] iii. If such advice was in writing, a copy of such documentation." (*Id.* at PageID.214.)

Banks further indicates in her responses that a medical professional named Ali A. Karrar diagnosed her with an auto-immune disease in February 2012. (*See id.* at PageID.214–216.) Banks answered "No" to the following question: "Has a medical professional advised you to not get the COVID-19 vaccine due to your auto-immune disease?" (*Id.* at PageID.215–216.)

Banks' medical records from FMC Lexington discuss treatment for conditions that include those referenced in Banks' motion: hypertension, chronic obstructive pulmonary disease (COPD), rheumatoid arthritis, and systemic lupus erythematosus. (*See id.* at PageID.220–223.) One medical record with an "Encounter Date" of November 23, 2021 notes that Banks "is unvaccinated for Covid due to 'multiple reactions to immunizations'" (*id.* at PageID.220) and that

6

Banks "stat[ed] she is allergic to methotrexate and plaquenil was affecting her vision." (*Id.* at PageID.221.) A record with an "Encounter Date" of December 16, 2021 lists the following allergies: "Sulfa Antibiotics" (reaction: "Rash"), "Methotrexate Derivatives" (reaction: "eye swelling"), "Meperidine and Related" (reaction: "Rash and eye swelling"), and "Hydroxychloroquine Sulfate" (reaction: "Caused visual changes"). (*Id.* at PageID.222.)

The second document the Court received from Banks was filed on the docket on March 16, 2022. (ECF No. 84.) This filing contains "character letters" written on behalf of Banks (*id.* at PageID.270; *see id.* at PageID.270–273) as well as additional medical records. (*See id.* at PageID.274–281.) These medical records reflect diagnoses for COPD, systemic lupus erythematosus, and rheumatoid arthritis, among other conditions not specified in Banks' motion. (*See id.* at PageID.274–278, 280–281.) A few of the records that appear in Banks' second filing— including two records from 2021 that say "Paul H. Musson M.D." on their letterhead[6] (*id.* at PageID.275–276)—indicate that Banks is

---

[6] The first record says "DOS: 09/07/2021" in the top right corner. (ECF No. 84, PageID.276.) The second record says "DOS: 10/27/2021" in the top right corner. (*Id.* at PageID.275.) But both records also say "DOS: 11/08/2021" at the bottom of the

allergic to "Demerol [Meperidine]," "Methotrexate Analogues," "Morphine," "Bactrim [Sulfamethoxazole-Trimethoprim]," "Flexeril [Cyclobenzaprine]," and "Sulfa (Sulfonamide Antibiotics)."[7] (*Id.* at PageID.274, 281; *see id.* at PageID.275–276.) One of the records with Dr. Musson's name on its letterhead (from September 7, 2021 and/or November 8, 2021, *see infra* note 6) contains a note that says "S/P Covid-19."[8] (*Id.* at PageID.275.) In a different record, beneath a heading titled "Immunizations," a note says that "[i]mmunizations [were] last reviewed by Amanda Accardo, RN on 1/26/2019"; the word "[deleted]" appears to the left of "Influenza Vaccine (IIV3) >6 months"; and the "Status" of the flu shot is recorded as "Incomplete." (*Id.* at PageID.281.)

---

page. (*Id.* at PageID.275–276.) "DOS" is presumably an abbreviation for "date of service." Therefore, the first record is possibly from September 7, 2021 and/or November 8, 2021, and the second record is possibly from October 27, 2021 and/or November 8, 2021.

[7] Two medical records provide the following details regarding Banks' allergic reaction to each substance: "Demerol [Meperidine]" (reaction: "Hives"), "Methotrexate Analogues" (reaction: "Swelling"), "Morphine" (reaction: "Hives"), "Bactrim [Sulfamethoxazole-Trimethoprim]" (reaction: "Rash"), "Flexeril [Cyclobenzaprine]" (reaction: "Rash"), and "Sulfa (Sulfonamide Antibiotics)" (reaction: "Rash"). (ECF No. 84, PageID.274, 281.)

[8] "S/P" is an "[a]bbreviation for status post." Stedmans Medical Dictionary 830460 (2014).

8

The third document the Court received from Banks is a letter to the Court dated March 28, 2022. (ECF No. 92.) Banks asks that the Court consider—in addition to her compassionate-release motion—that she tore her rotator cuff while "performing [her] kitchen duties" on March 12, 2022. (*Id.* at PageID.435.) Banks expresses concern about not receiving physical therapy and about her shoulder becoming "frozen." (*Id.* at PageID.435–436.) In addition, Banks states that "BOP [Bureau of Prisons] is not providing the proper medical care for us, we had a positive COVID-19 case just last week, there were no precautionary measures set in place for us no quarantine for us just the person that tested positive, even though she was a cook in the kitchen." (*Id.* at PageID.436.) Banks states that "[t]his case never made it onto the BOP website." (*Id.*)

**Analysis**

### A. Compassionate Release

Compassionate-release motions require a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a

9

sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Court denies Banks' motion for compassionate release because her access to the COVID-19 vaccine mitigates the concern about extraordinary and compelling circumstances that might otherwise compel release. Banks has access to the COVID-19 vaccine because BOP makes it available to inmates at FMC Lexington, where Banks is currently incarcerated. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 8, 2022) ("Vaccine doses are available at each location for newly-admitted and existing inmates. Inmates have also been offered booster shots in accordance with CDC guidance."). Courts in this circuit have

consistently refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine. *See, e.g.*, *United States v. Jackson*, No. 11-20493, 2021 WL 3417910, at *2–3 (E.D. Mich. Aug. 5, 2021) (Goldsmith, J.); *United States v. Humphrey*, No. 2:15-cr-20329-3, 2021 WL 2452064, at *2 (E.D. Mich. June 16, 2021) (Murphy, J.); *United States v. MacGregor*, No. 15-cr-20093, 2021 WL 1378786, at *1 (E.D. Mich. Apr. 12, 2021) (Leitman, J.); *United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021) (Levy, J.); *United States v. Ervin*, No. 3:14-cr-000195-1, 2021 WL 848690, at *3–4 (M.D. Tenn. Mar. 5, 2021) (Richardson, J.).

The risks Banks faces "can be significantly ameliorated by vaccination, and . . . 'defendants may not perpetuate their own extraordinary and compelling circumstances for compassionate release by declining [the Bureau of Prison's] attempt to protect them.'" *United States v. Kennedy*, No. 21-2675, 2022 WL 43187, at *2 (6th Cir. Jan. 5, 2022) (second alteration in original) (internal citation omitted). The Centers for Disease Control and Prevention (CDC) advise that "COVID-19 vaccines are effective at preventing severe disease, hospitalization, and death." *COVID-19 Vaccines Work*, Centers for Disease Control and

Prevention (June 28, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html. The CDC indicates that "data from clinical trials[ and] evidence from real-world vaccine effectiveness studies show that COVID-19 vaccines help protect against COVID-19 infections, with or without symptoms (asymptomatic infections)." *Id.* (alteration added). "Studies show that COVID-19 vaccines are very effective in preventing COVID-19, even for people at high risk for the disease." *COVID-19 Vaccines*, National Institutes of Health, https://covid19.nih.gov/covid-19-topics/covid-19-vaccines (last visited July 8, 2022). And "[w]hen people who have been vaccinated get COVID-19, they are much less likely to experience severe symptoms than people who are unvaccinated." *COVID-19 after Vaccination: Possible Breakthrough Infection*, Centers for Disease Control and Prevention (June 23, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html.

With respect to variants, the CDC states that "COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants." *COVID-19*

*Vaccines Work*, Centers for Disease Control and Prevention (June 28, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html; *see COVID-19 Vaccines*, National Institutes of Health, https://covid19.nih.gov/covid-19-topics/covid-19-vaccines (last visited July 8, 2022) ("Fully vaccinated people are less likely to become seriously ill, even from COVID-19 variants."). "Studies and current data show that the antibodies our bodies make after vaccination recognize and protect against COVID-19 variants." *COVID-19 Vaccines*, National Institutes of Health, https://covid19.nih.gov/covid-19-topics/covid-19-vaccines (last visited July 8, 2022).

In her motion, Banks argues that the COVID-19 pandemic is an extraordinary and compelling reason for a sentence reduction. (*See* ECF No. 73, PageID.198.) She also argues that a COVID-19 outbreak at FMC Lexington constitutes extraordinary and compelling circumstances. (*See id.* at PageID.194, 196, 199.) These arguments do not entitle Banks to compassionate release.

The Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling

reason' warranting a sentence reduction." *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see United States v. Gabbard*, No. 18-20039, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021) (Cox, J.) ("agree[ing] with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release" (internal citations omitted)). A defendant who refuses BOP's offer to administer the COVID-19 vaccine "does not convincingly establish that his [or her] conditions are exceptional and demand immediate release when he [or she] intentionally prevents prison officials from mitigating dangers to his [or her] health and safety." *United States v. Csiki*, No. 19-20256, 2021 WL 1884702, at *2 (E.D. Mich. May 11, 2021) (citing 18 U.S.C. § 3582(c)(1)(A)), *reconsideration denied*, No. 19-20256, 2021 WL 2349401 (E.D. Mich. June 9, 2021), *aff'd*, No. 21-2671, 2022 WL 2388434 (6th Cir. Mar. 29, 2022), *aff'd*, No. 21-2671, 2022 WL 2388434 (6th Cir. Mar. 29, 2022). "A prisoner will not be heard to complain of the risk of severe illness while he [or she] simultaneously avoids basic, sensible precautionary measures such as vaccination." *Id.*

Banks states that she is medically unable to take the COVID-19 vaccine because of an allergy to the flu shot and because of an unspecified auto-immune disease. (*See* ECF No. 73, PageID.194.) Banks does not indicate in her motion that she has an allergy to the COVID-19 vaccine or to a component of that vaccine.

> The Sixth Circuit instructs that
>
> ". . . if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction . . . on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Id.*; *see also Broadfield*, 5 F.4th at 803 ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release.").

*Kennedy*, 2022 WL 43187, at *2 (first alteration added).

The Court has reviewed Banks' supplemental filings and finds that she "does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine." *Id.* Banks' submissions do not show that she is medically unable to receive the COVID-19 vaccine due to an allergy. The CDC indicates that people with a history of allergies or allergic reactions have a "contraindication" to the COVID-19

vaccine if they have a history of (1) "[s]evere allergic reaction (e.g., anaphylaxis) after a previous dose or to a component of a COVID-19 vaccine," or (2) "[k]nown (diagnosed) allergy to a component of a COVID-19 vaccine." *Interim Clinical Considerations for Use of COVID-19 Vaccines Currently Approved or Authorized in the United States Appendix E*, Centers for Disease Control and Prevention (June 30, 2022), https://www.cdc.gov/vaccines/covid-19/clinical-considerations/interim-considerations-us.html#appendix-e (footnotes omitted). Banks does not state that she had a "severe allergic reaction" following a prior dose of a COVID-19 vaccine, and her filings, including her medical records, do not show that she has an allergy "to a component of a COVID-19 vaccine." *Id.*

The CDC provides a list of the ingredients in each of the three approved or authorized COVID-19 vaccines that are available in the United States: (1) the Pfizer-BioNTech COVID-19 vaccine, (2) the Moderna COVID-19 vaccine, and (3) Johnson & Johnson's Janssen COVID-19 vaccine. *See Stay Up to Date with Your COVID-19 Vaccines*, Centers for Disease Control and Prevention (June 24, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-

date.html#vaccine-table. The updated formulation of the Pfizer-BioNTech COVID-19 vaccine for people twelve years old and above contains the following ingredients:

- Nucleoside-modified mRNA encoding the viral spike (S) glycoprotein of SARS-CoV-2
- 2[(polyethylene glycol (PEG))-2000]-N,N-ditetradecylacetamide
- 1,2-distearoyl-sn-glycero-3-phosphocholine
- Cholesterol (plant derived)
- ((4-hydroxybutyl)azanediyl)bis(hexane-6,1-diyl)bis(2-hexyldecanoate)
- Sucrose (table sugar)
- Tromethamine
- Tromethamine hydrochloride

*Pfizer-BioNTech COVID-19 Vaccine (also known as COMIRNATY): Overview and Safety*, Centers for Disease Control and Prevention (June 21, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html.

The Moderna COVID-19 vaccine is made up of the following ingredients:

- Nucleoside-modified mRNA encoding the viral spike (S) glycoprotein of SARS-CoV-2

17

- PEG2000-DMG:   1,2-dimyristoyl-rac-glycerol, methoxypolyethylene glycol

- 1,2-distearoyl-sn-glycero-3-phosphocholine

- BotaniChol® (non-animal origin cholesterol)

- SM-102: heptadecane-9-yl 8-((2-hydroxyethyl) (6-oxo-6-(undecyloxy) hexyl) amino) octanoate

- Sodium acetate

- Sucrose (basic table sugar)

- Tromethamine

- Tromethamine hydrochloride

- Acetic acid (the main ingredient in white household vinegar)

*Moderna COVID-19 Vaccine (also known as Spikevax): Overview and Safety*, Centers for Disease Control and Prevention (June 24, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html.

Johnson & Johnson's Janssen COVID-19 vaccine consists of the following ingredients:

- Recombinant, replication-incompetent Ad26 vector, encoding a stabilized variant of the SARS-CoV-2 Spike (S) protein

- Polysorbate-80

- 2-hydroxypropyl-ß-cyclodextrin

- Trisodium citrate dihydrate

- Sodium chloride (basic table salt)
- Citric acid monohydrate (closely related to lemon juice)
- Ethanol (a type of alcohol)

*Johnson & Johnson's Janssen COVID-19 Vaccine: Overview and Safety, Centers for Disease Control and Prevention* (June 10, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/janssen.html.

The allergies documented in Banks' medical records—"Sulfa Antibiotics" or "Sulfonamide Antibiotics," "Methotrexate Derivatives" or "Methotrexate Analogues," "Meperidine and Related," "Demerol [Meperidine]," "Hydroxychloroquine Sulfate," "Morphine," "Bactrim [Sulfamethoxazole-Trimethoprim]," and "Flexeril [Cyclobenzaprine]" (ECF No. 75, PageID.222; ECF No. 84, PageID.274–276, 281)—do not appear in the CDC's list of ingredients for the three approved or authorized COVID-19 vaccines. Moreover, the CDC notes that all three COVID-19 vaccines do not contain antibiotics (including sulfonamide). *See Pfizer-BioNTech COVID-19 Vaccine (also known as COMIRNATY): Overview and Safety*, Centers for Disease Control and Prevention (June 21, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html; *Moderna COVID-19 Vaccine (also*

*known as Spikevax): Overview and Safety*, Centers for Disease Control and Prevention (June 24, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html; *Johnson & Johnson's Janssen COVID-19 Vaccine: Overview and Safety*, Centers for Disease Control and Prevention (June 10, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/janssen.html. The vaccines also do not contain preservatives, "medicines or therapeutics," tissues, gelatin, animal products, food proteins, metals, and latex. *Id.* Because Banks does not show that she has an allergy to a COVID-19 vaccine or to a component of a COVID-19 vaccine due to her allergy to the flu shot, Banks does not demonstrate that her allergy to the flu shot medically prevents her from taking the COVID-19 vaccine such that she has a compelling reason for declining the vaccine.[9] *See Kennedy*, 2022 WL 43187, at *2; *Jackson*, 2021 WL

---

[9] The Court notes that an article posted on the Cleveland Clinic's website advises that

> [i]f you've had a severe allergic reaction to another vaccine or injectable medication—or have experienced anaphylaxis from any cause—you can still receive the COVID-19 vaccine. However, your vaccination should be followed by a 30-minute observation period in a setting where personnel, equipment and supplies are present to manage anaphylaxis.

3417910, at *3 (finding that a defendant who decided to forgo vaccination due to an "unspecified blood condition" did not present a compelling reason for release because the defendant did "not contend that he has a history of . . . [an] allergic reaction" that the CDC considers to be a contraindication to vaccination).

Banks' supplemental filings also do not show that an auto-immune disease makes her medically unable to take the COVID-19 vaccine. Banks indicates that no medical professional has advised her to not get the COVID-19 vaccine due to an auto-immune disease (ECF No. 75, PageID.215–216), and her medical records do not document an

---

*Should You Get the COVID-19 Vaccine If You Have Allergies?*, Cleveland Clinic (Oct. 6, 2021), https://health.clevelandclinic.org/should-you-get-the-covid-19-vaccine-if-you-have-allergies/. In addition, the American Academy of Allergy, Asthma & Immunology's website has an online resource for allergists called "Ask The Expert" that provides the following information: "It is OK to administer any mRNA COVID-19 vaccine to an individual with a history of anaphylaxis to a flu vaccine. The nano-lipids in the Pfizer-BioNTech vaccine are immunologically unrelated to octylphenol ethoxylate, which is essentially a detergent." *COVID-19 mRNA vaccination with a history of influenza vaccine anaphylaxis*, American Academy of Allergy, Asthma & Immunology (Sept. 21, 2021), https://www.aaaai.org/Allergist-Resources/Ask-the-Expert/Answers/2021/hist (citing https://www.jaci-inpractice.org/article/S2213-2198(21)00675-9/fulltext).

The Court in no way questions Banks' assertions regarding her allergy to the flu shot or the advice she received from a medical professional. However, the information from the Cleveland Clinic and the American Academy of Allergy, Asthma & Immunology favors a finding that Banks has not shown that she has a compelling reason for declining the COVID-19 vaccine based on an allergy to the flu shot.

inability to get the vaccine because of an auto-immune disease. Therefore, Banks does not demonstrate that there is a compelling reason justifying her failure to get the vaccine and that there are extraordinary and compelling circumstances justifying her release. *See Kennedy*, 2022 WL 43187, at *3 (stating that a defendant "[r]emaining at an elevated risk due to his refusal to be vaccinated is not an extraordinary or compelling justification" for release).

For the reasons set forth above, the Court does not find that extraordinary and compelling circumstances exist. Because there are no extraordinary and compelling reasons for release, the Court need not consider the remaining compassionate-release factors at this time. *See Elias*, 984 F.3d at 519 ("clarify[ing] that . . . district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" (citing *Jones*, 980 F.3d at 1108; *United States v. Ruffin*, 978 F.3d 1000, 1006 (6th Cir. 2020)). Accordingly, Banks' motion for compassionate release is DENIED.

## B. Sealing of Medical Records

As noted, two of Banks' supplemental filings that appear on the docket (ECF Nos. 75, 84) contain medical records. Banks mailed copies of her medical records to the Court, as the Court instructed her to do, possibly without realizing that her records would be filed on the docket and made publicly available.

"The sealing of judicial documents and records is left to the sound discretion of the Court." *United States v. Kischnick*, No. 18-20469, 2020 WL 3172634, at *2 (E.D. Mich. June 15, 2020) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016)). Here, the Court finds it appropriate to seal Banks' medical records—one of which contains her Social Security number—to preserve her privacy interest in these documents. Banks' records contain a great deal of private information that goes to issues beyond those the Court considered in deciding her compassionate-release motion. *See United States v. Sanders*, No. 1:20-cr-00366, 2022 WL 896668, at *3 (N.D. Ohio Mar. 28, 2022) (granting the defendant's ex parte motions to file exhibits that have personal medical information under seal because "[s]ealing the exhibits at issue preserves [the defendant's] privacy

interest in his medical records"); *Kischnick*, 2020 WL 3172634, at *2 (concluding that a "motion to seal should be denied because the information Defendant seeks to seal forms the primary basis for the relief he seeks" (internal citation omitted)). Accordingly, the Court directs the Clerk's Office to seal Banks' submissions that contain medical records and were filed on the docket: ECF Nos. 75 and 84.

**Conclusion**

For the reasons set forth above, Banks' motion for compassionate release (ECF No. 73) is DENIED, and the Clerk's Office is directed to seal ECF Nos. 75 and 84.

IT IS SO ORDERED.

Dated: July 11, 2022                    s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY
                                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

24